FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHELLY LYNN MORRIS,<br><br>Defendant. | No. 4:17-CR-6029-EFS-3<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 133** |

On Wednesday, June 20, 2018, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing in accordance with 18 U.S.C. § 3142(f). Defendant appeared, in custody, with her attorney Nicholas Marchi. Assistant United States Attorney Meghan McCalla represented the United States.

Defendant's Motion to Reopen Detention Hearing (**ECF No. 133**) is **GRANTED**.

The Court considered the supplemental Pretrial Services Report (ECF No. 137) and the counsels' arguments. To decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the

ORDER - 1

community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds Defendant's proposed release to inpatient treatment rebuts the presumption of detention in this case. Defendant does not have a significant history of violence, and the Court finds that conditions of release can be fashioned to adequately assure the safety of the community and Defendant's future appearance.

**IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing (**ECF No. 133**) is **GRANTED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

ORDER - 2

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

4. Defendant is bound over to Judge Edward F. Shea for further proceedings.

5. Defendant shall complete and sign A.O. Form 199C and, upon release, abide by the following conditions at all times:

**CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless

ORDER - 4

given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall participate in a program of GPS confinement. Defendant shall wear at all times, a GPS device under the supervision of U.S. Probation. Defendant shall be restricted at all times, to his residence except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the pretrial office or supervising officer, including but not limited to employment, religious services, medical necessities. The GPS device shall be removed prior to or at the time Defendant reports to inpatient treatment.

3. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial services office.

4. Defendant shall submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office.

5. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

6. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

7.	Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

8.	Defendant shall avoid all contact, direct or indirect, with any codefendants in this matter.

9.	Defendant shall abstain totally from the use of alcohol.

10.	Defendant shall participate in an intensive inpatient treatment program. Defendant shall execute full, mutual releases. It is defense counsel's responsibility to timely provide those releases pre-release to Pretrial Services. If Defendant leaves the treatment facility, or is terminated from treatment, the treatment facility personnel shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned.

11.	Prior to release from inpatient treatment, an outpatient treatment program must be presented to the Court. If Defendant does not have a structured outpatient treatment program in place prior to conclusion of inpatient treatment, Defendant automatically shall go back into the custody of the U.S. Marshal.

12.	Defense counsel must advise the Court within 14 days of this order whether Defendant has secured an inpatient treatment bed date.

13.	Defendant shall be released from custody at 8 a.m. the following

1 | business day for installation of location monitoring.

DATED June 20, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7